UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GLEN R. CALDWELL,

            Plaintiff,         CIV S-03-0716 LKK PAN PS

     v.

GINGRICH, FOUGHT, ESPINOZA, WILEY   FINDINGS AND RECOMMENDATIONS
M., MARY B. LOYCHE,

            Defendants.

—oOo—

On December 23, 2004, in response to plaintiff's motion for relief pursuant to Fed. R. Civ. P. 60(b)(6), I vacated my Findings and Recommendations filed September 16 to reconsider defendants' motion for summary judgment in light of plaintiff's newly submitted evidence.

Plaintiff, proceeding pro se and in forma pauperis, commenced this action April 8, 2003. Although plaintiff's claims relate to injuries he allegedly suffered October 22, 1999, during

his incarceration at Avenal State Prison, plaintiff is no longer imprisoned and has at no time been imprisoned during the pendency of this action.

Plaintiff named as defendants "Gingrich, Fought, Espinoza, Wiley M., [and] Mary B. Loyche."

Plaintiff has not provided proof of service upon Wiley M. I therefore recommend plaintiff's claims against defendant Wiley M. be dismissed without prejudice. Fed. R. Civ. P. 4(m).

Service upon defendant Gingrich was attempted by the United States Marshal on May 22, 2003. The California Department of Corrections (CDC) filed a notice July 7, 2003, that defendant Gingrich is deceased and that CDC could not accept service on behalf of his estate. More importantly, plaintiff did not provide the Marshal with the correct complaint for service upon Gingrich. Plaintiff gave the Marshal a copy of the complaint plaintiff filed in the Fresno Division, <u>Glen R. Caldwell v. Avenal State Prison, et al.</u>, CV-S-01-5665 AWI DLB P. I therefore find that Gingrich has not been properly served with summons and complaint in this case and recommend that plaintiff's claims against defendant Gingrich be dismissed without prejudice. Fed. R. Civ. P. 4(m).

The remaining defendants, Foucht (sued as Fought), Espinoza, and Loyche, and correctional lieutenant A.J. Valdez, move for summary judgment.

Valdez was served with the complaint but is not a named defendant. Valdez is not, therefore, considered a party to this

action.

Foucht, Espinoza, and Loyche move for summary judgment upon plaintiff's claim they violated his Eighth Amendment guarantee from cruel and unusual punishment.

A party may move, without or without supporting affidavits, for summary judgment and the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a)-(c).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A fact is "material" if it affects the right to recover under applicable substantive law.  Id.  The moving party must submit evidence that establishes the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that the moving party believes demonstrate the absence of a genuine issue of material fact. Id., at 323.  If the movant does not bear the burden of proof on

an issue, the movant need only point to the absence of evidence to support the opponent's burden.  To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must "go beyond the pleadings and by her own affidavits, or by the "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id., at 324.  The opponent's affirmative evidence must be sufficiently probative that a jury reasonably could decide the issue in favor of the opponent. Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corporation, 475 U.S. 574, 588 (1986).  When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment. Id., at 587.

     Fed. R. Civ. P. 56(e) provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Nevertheless, the Supreme Court has held that the opponent need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Celotex, 477 U.S. at 324.  Rather, the questions are (1) whether the evidence could be submitted in admissible form and (2) "if reduced to admissible evidence" would it be sufficient to carry the party's burden at trial.  Id., at 327. Thus, in Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing party's reliance upon her diary upon

the ground it was hearsay was overruled because the party could testify to all the relevant portions from personal knowledge or read it into evidence as recorded recollection.

A verified complaint based on personal knowledge setting forth specific facts admissible in evidence is treated as an affidavit. Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995); McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987).  A verified motion based on personal knowledge in opposition to a summary judgment motion setting forth facts that would be admissible in evidence also functions as an affidavit. Johnson v. Meltzer, 134 F.,3d 1393 (9th Cir. 1998); Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004).

Defects in opposing affidavits may be waived if no motion to strike or other objection is made. Scharf v. United States Attorney General, 597 F.2d 1240 (9th Cir. 1979) (incompetent medical evidence).

Defendants contend the following facts are undisputed. Plaintiff was a prisoner at Avenal State Prison where defendants Foucht and Espinoza were employed as correctional officers and Loyche was employed as a medical technical assistant or "MTA." At 1:45 p.m., October 22, 1999, on account of disruptive behavior, plaintiff was taken to administrative segregation, where Loyche worked, arguing with his escort. Plaintiff was uncooperative when Foucht attempted to search him. Foucht was joined by other officers to subdue plaintiff without striking any blows. After a scuffle, Foucht saw blood over plaintiff's right

eye and called Loyche who dressed the wound.  Four days later a physican examined the wound, noted "no apparent serious injury," and prescribed Tylenol.

November 16, 2004, plaintiff filed a copy of an unsworn document dated April 7, 2000, in which plaintiff says he was four times thrown against a wall, thrown to the ground and a bag placed over his head causing him to lose consciousness, that he suffered injury to his back, neck, and shoulder and that he was locked up without treatment for 102 days.

Medical records submitted by plaintiff include a medical report made October 22, 1999, by defendant Loyche that she saw plaintiff at 1:45 p.m. and found a 1/4 inch laceration 1/16 inch deep and bruising over plaintiff's right eye.  Plaintiff's submission also includes a report made October 28 by another MTA.  Plaintiff complained of a "gash" under his right eye as a result of officers slamming him against the wall.  There is also an outpatient record made October 26, 1999, recording plaintiff's statement he was injured during an incident with custody staff and his complaint of injury around his right eye and back pain.  Examination disclosed mild swelling above the right eye; the examiner's impression and mid-back pain.  The examiner concluded there was "no apparent serious injury" and prescribed Tylenol and another examination in one week.  Another medical record shows that on October 30 plaintiff complained of low back pain and difficulty breathing.  (I note that the records provided by plaintiff show that airway disease was diagnosed in 1994.)

November 24, plaintiff complained of vomiting blood and abdominal pain.  December 3, plaintiff complained he could not sleep because of back pain and an x-ray was ordered and Motrin prescribed.  December 6, plaintiff was given a bag to collect any bloody vomit but his complaints then ceased for three weeks.  By December 12, an x-ray had been taken and was in the hands of a radiologist for interpretation.  Plaintiff refused to be interviewed for purposes of treatment.  On December 21, plaintiff complained of low back pain without radiation and denied shoulder pain and denied mid and upper back pain.  Stomach complaints were attributed to gastritis.  On December 28, the day before plaintiff was scheduled to be released on parole, the x-rays were discussed with him and he was advised to give them to his personal physician.  Plaintiff presented himself to the Emergency Room at Scripps Mercy Hospital on February 10, 2000, complaining of back pain.  He said he had been released from prison three days before and there he had been "thrown to the ground and was stomped on his back with the knee" and had back pain ever since.  X-rays were taken and interpreted as showing a distended stomach with flue and particulate matter raising the question whether plaintiff, who was then homeless, had eaten recently.  He was seen again on February 16 but the report provided is incomplete, containing only plaintiff's complaints.  Finally, there is an outpatient report made by a CDC physician in February 2002 recording plaintiff's complaint of a four-month history of low back pain that began when plaintiff was slammed to the ground in

October 2001 when he felt a localized pain in his back that persisted since.

Plaintiff's submission also includes an incident report made by a correctional lieutenant, A. J. Valdez, on October 22, 1999, implying that plaintiff caused the injury to his eye when he "began twisting his face into the sallyport wall" and explaining that Foucht and Espinoza acted to prevent plaintiff from "further injury to himself."

In their reply, defendants present evidence, conspicuously omitted by plaintiff, that x-rays ordered at Mercy Healthcare on February 10, 2000, were negative for objective evidence of back injury and that he was given instructions for follow-up care that there is no evidence he followed.

October 21, 2003, plaintiff was instructed by the court what was required to oppose defendants' summary judgment motion and he made no attempt to comply; he still has not satisfied his evidentiary burden under Rule 56.  The record supports a finding that he has grossly exaggerated his claims and any injury he may have suffered in October 1999.  It also supports a finding that defendant Loyche was entirely without blame and plaintiff's persistence in seeking relief from her on this record casts further suspicion on his case.  But none of that matters.

To prove the claimed Eighth Amendment violation, plaintiff was required to demonstrate defendants used force maliciously and sadistically for the purpose of inflicting pain rather than in a good faith effort to maintain or restore the

8

order required in a prison, viz., prisoners obey the instructions of their guards and avoid conduct that reasonably may be viewed as a threat and evoke precipitate violence. Whitley v. Albers, 475 U.S. 312 (1986); Hudson v. McMillian, 503 U.S. 1 (1992). (To be perfectly clear, I reject on the basis of the same authority any contention by defendants that plaintiff also must prove a "serious" injury but at the same time I do not ignore that the extent of the injury is probative evidence of the degree of force used.)  Plaintiff has produced no evidence, not even his own sworn denial, that he was in the process of being segregated from the general prison population for disruptive behavior and that he failed to follow instructions while being searched.  In such a situation, prison guards were authorized to use force to compel obedience and their precipitate responses inside a prison for convicted felons ought not to be lightly second-guessed. Whitley, 475 U.S. at 320.  The immediate sequelae of the force applied in this case, a trivial cut, abrasion or bruise above or below plaintiff's right eye attests the force used was nothing so violent as plaintiff claims but has no evidence to support.  That a 50-year-old man may (or may not) have suffered a back injury or aggravated a previous back injury or triggered a naturally occurring deterioration by a scuffle with prison guards that indisputably involved some violence simply does not itself make out an Eighth Amendment violation.  On this record, no jury reasonably could decide the issue in favor of plaintiff.\
////

Accordingly, I recommend defendants' motion for summary judgment be granted.

These findings and recommendations are submitted to the Honorable Lawrence K. Karlton, the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 18, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge